## METALLIC RUBBER TIRE CO. v. HARTFORD RUBBER WORKS CO.

(Circuit Court of Appeals, Second Circuit. November 11, 1912.)

### No. 36.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—VEHICLE TIRE.

    The Adams patent, No. 609,320, for a vehicle tire, comprising a pneumatic tire having wire interwoven therein to prevent slipping on the roadway, held not anticipated, valid, and infringed.

Appeal from the Circuit Court of the United States for the District of Connecticut; James P. Platt, Judge.

Suit in equity by the Metallic Rubber Tire Company against the Hartford Rubber Works Company. Decree for defendant, and complainant appeals. Reversed.

For opinion below, see 189 Fed. 402.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The decree of the District Court dismissed the bill in a suit to restrain the alleged infringement of letters patent No. 609,320, issued to Calvin T. Adams on August 16, 1898, for an improvement in vehicle tires. The complainant sues as assignee of the patentee.

John H. Roney, of Pittsburgh, Pa., and Alfred Wilkinson, of New York City, for appellant.

Ernest Hopkinson, of New York City (E. W. Vaill and Livingston Gifford, both of New York City, of counsel), for appellee.

Before LACOMBE, COXE and NOYES, Circuit Judges.

NOYES, Circuit Judge. The invention of the patent—according to the specification—relates "to means for preventing the yielding tires of bicycles and other wheeled vehicles from slipping on the roadway, as they are particularly apt to do when the roadway is smooth.

The patentee accomplishes his purpose by imbedding—

"in the material of which the yielding tread of the tire is composed, a peripheral succession of hard bearings, such as metallic wire, interwoven with the rubber or yielding material of the tread, so as to lie partly on the surface of the tread, the exposed portions of the wire being substantially flush with the surface of the tread, so as to bear upon the roadway and prevent the tire from slipping thereon, and yet readily yielding with the tire to allow the rubber or flexible material of the tread to act as a cushion in the usual way."

The patentee then, after illustrating a method of making a tire according to his alleged invention, points out that when the wire stitches upon the surface are worn off "the exposed ends of the wire will act in the same way as hard bearings to prevent the wheel from slipping."

The patent contains but one claim which is as follows:

"The combination, with a cushioned vehicle-tire of a tread applied to the entire periphery of the tire, and having metallic wire interwoven with itself, parts of said interwoven wire lying substantially flush with the outer surface of the tread, and forming cushioned antislip bearings covering the sides and bottom of the tread."

The defenses are (1) invalidity; (2) non-infringement; (3) abandonment by manner of prosecuting application; (4) want of equity.

Concededly, the nearest approach to the patent in question is the Phillips English patent, and the question of anticipation may well be determined by examining that patent and comparing it with the one in suit.

The principal object of the Phillips patent was to protect and strengthen pneumatic tires. It illustrates numerous ways for stiffening and protecting tires and, among others, points out that the tread or wearing portion may be reinforced and strengthened by stitching the rubber with metal wire, threads, cord and the like. Some of the drawings of the patent are very similar to those of the patent in suit. The prevention of slipping, however, is not stated to be either an object of the Phillips patent nor a result of the use of its structure. Moreover, it is not clear that the non-skidding effect would be obtained by following the teachings and drawings of the Phillips patent. Wire sewed into a tire to reinforce the rubber would naturally be flexible

wire while only stiff wire would furnish the "hard bearings" required to prevent slipping, especially after the wearing off of the loops. The Phillips patent shows that rubber tires may be stiffened and protected by wire stitching, but, in our opinion, does not teach that exposed wire stitchings will make hard bearings to prevent skidding. Indeed many things in the Phillips patent point in the direction of covering the wires and it is never essential that the stitches should be flush with the surface of the tread.

For these reasons we think that the Phillips patent does not anticipate and is insufficient to negative invention. There being nothing else in the prior art nearly as close, it is unnecessary to further examine the art and the patent is held to be valid. This result is quite equitable for the objection of invalidity comes with rather ill grace from a defendant which has had a license under a patent and which, upon the expiration of the license, has put out a product which, even if not infringing, closely simulates the patented structure.

In our opinion, moreover, the defendant's structure does infringe. The patent requires alternate imbedded and surface loops, and we fail to see that it is material whether the result is obtained by crinkled or coiled wires. Furthermore we find nothing in the patent requiring that it should be so narrowly construed as to include only wires stitched or woven into the tire. We perceive no reason why the word "interwoven" in the claim should not be held to be the equivalent of the word "embed" in the specification. Stitching or weaving is not an essential part of the invention. The claim covers the combination of the wire and rubber as a result and we think that the defendant should not be permitted to escape the charge of infringement by combining its wire and rubber in a different way from the stitching or weaving illustrated in the specification.

We find nothing in the proceedings in the Patent Office to estop the complainant from enforcing the patent and no want of equity in its cause.

The decree of the District Court is reversed with costs and the cause remanded with instructions to enter a decree for the complainant for an injunction, an accounting, and costs.