## METALLIC RUBBER TIRE CO. v. HARTFORD RUBBER WORKS CO.

(District Court, D. Connecticut.  June 12, 1920.)

### No. 1261.

1. Patents ☞318(3)—Willful infringer cannot limit recovery to established royalty.

Where infringement by defendant after termination of its license was willful and deliberate, it is liable for all profits made, and cannot require complainant to accept the royalty fixed by the license contract.

2. Patents ☞318(5)—Patentee entitled to interest, where infringement was deliberate and recovery was long contested.

Where infringement by defendant was willful and deliberate, and it contested recovery in the courts for 12 years, complainant *held* entitled to interest from the date of the decision of the Circuit Court of Appeals holding the patent valid and infringed, except for the time the matter of accounting was held for decision by the master after close of the evidence before him.

In Equity.  Suit by the Metallic Rubber Tire Company against the Hartford Rubber Works Company.  On exceptions to master's report. Modified and confirmed.

See, also, 245 Fed. 860.

Henry F. Parmelee and George D. Watrous, both of New Haven, Conn., for plaintiff.

Ernest Hopkinson and Charles S. Jones, both of New York City, for defendant.

THOMAS, District Judge.  This matter is again before the court on exceptions to the master's second report.  The plaintiff and defendant each filed exceptions.  The plaintiff further filed a motion to strike out certain portions of the report, and, as thus modified, that the report be accepted and confirmed, and that a decree be granted for the plaintiff to recover $183,383.53, with interest from July 1, 1910.

A brief history of this case seems necessary.  It may be found in the following summary:

The suit was brought March 5, 1908, and on July 27, 1911, Judge Platt dismissed the bill.  189 Fed. 402.  Upon appeal, the Circuit Court of Appeals, on November 11, 1912, reversed the Circuit Court,

and remanded the case, with instructions to enter a decree for the plaintiff for an injunction, an accounting, and costs. 200 Fed. 743, 119 C. C. A. 187.

This decision established the law of the case, and it has ever since been the law, and has been followed by this court. The case was then referred to the master, who began taking testimony on February 26, 1913, and proofs were closed November 9, 1914. His report finding that no profits had been realized by the defendant was filed September. 20, 1915, and nominal damages were awarded. The case then came on for hearing on plaintiff's exceptions to the master's report, and decision rendered February 19, 1917, which was modified June 29, 1917, by which the exceptions were sustained and the case recommitted to the master to state an account in accordance with the opinion. 245 Fed. 860.

On this second reference, proofs were taken before the master and concluded October 4, 1917, and report filed January 31, 1920. There must be a speedy termination of this interminable litigation. The delay merits censure, and justly may a litigant complain of the delay, which is in no way the fault of or caused by this plaintiff.

[1] The Circuit Court of Appeals, in holding the patent valid and infringed, said:

"This result is quite equitable, for the objection of invalidity comes with rather ill grace from a defendant which has had a license under a patent, and which, upon the expiration of the license, has put out a product which, even if not infringing, closely simulates the patented structure. In our opinion, moreover, the defendant's structure does infringe."

So it is apparent that the defendant could have manufactured the infringing tires under the license agreement, and the plaintiff would have received the royalties therein provided, or the defendant could have refrained from infringing the patent, and the plaintiff, in the absence of such infringement, might have been able to make a profitable use of its own patent.

But the defendant preferred, immediately after the cancellation of the license agreement, to disregard the plaintiff's patent, and under protest to question its validity, and by its conduct effectually prevent plaintiff from exercising its own rights thereunder.

Manifestly the plaintiff has been entitled to all profits realized from the infringement by the defendant, and the defendant should be held to pay those profits over, and its own conduct estops it, in my judgment, from any consideration, but the strict application of the established rules; so that, in view of the facts abundantly disclosed, under the application of rule, reason, or justice, it cannot expect to have applied the lesser punishment of assessing 1½ per cent. royalty as the measure of what this plaintiff is fairly entitled to recover, rather than the exact amount of the profits disclosed by the master's report.

The defendant's exceptions are overruled, the report of the master is modified in accordance with the prayer of the plaintiff, and the report, as thus modified, is accepted and confirmed.

[2] Claim has been made for the allowance of interest from July 1, 1910, and in this particular case this claim raises a perplexing ques-

tion. While it is true that the usual rule, as disclosed in the decisions, is that interest is allowed only from the date of the master's report, nearly all such decisions either concede or imply that circumstances might arise in a particular case which would justify an award of interest from an earlier date.

A discussion of the cases cited by learned counsel is unnecessary, as I feel justified by the facts in this case, disclosing the determination evidenced by this defendant to avoid the consequences of its wrongful act, in following Judge Hand's ruling in Consolidated Rubber Co. v. Diamond Rubber Co. (D. C.) 226 Fed. 455. "The deliberateness of the infringement" in the instant case is apparent. Unless all deliberate infringers are to be released from liability, unless a powerful infringer may, by sheer force, tire out and exhaust the resources of the patentee, less able to carry on interminable litigation, and thus never be obliged to account, strict application of all rules must be made by the court, and the punishment by way of money payment must be all that the patentee can justly claim. Here we have "deliberate infringement," and defendant ought not to complain if it has to pay for it. I therefore shall allow interest after the date of the decision of the Circuit Court of Appeals, which was November 11, 1912, on the revised net profits, and found by the master to be $183,383.53.

But the defendant may justly complain that it ought not to be punished by the payment of interest computed during the time the matter was in the hands of the master on the reference after the evidence before him was closed, and in this connection the defendant is reasonably entitled to a rebate of two years of interest from the time to be computed in accordance with this ruling.

I am well aware that this ruling is based on no rule that can be found in the books, and perhaps, therefore, precedent does not sustain it, except by implication, or by invoking the discretion referred to in the general discussion found in the cases; but justification of this somewhat arbitrary way of reaching a conclusion is found, when a full review of the whole case is had and the facts surrounding it are carefully considered.

The defendant's exceptions are overruled. The plaintiff's exceptions and motions are sustained, and the master's report, as modified, is accepted and confirmed, and a decree may be entered for plaintiff, to recover from defendant its profits in the sum of $183,383.53, with interest at 6 per cent. from November 11, 1912, except for a period of two years, as herein noted, together with costs; and it is so ordered.